[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13581

Non-Argument Calendar

_____

CITIZENS INSURANCE COMPANY OF AMERICA,
MASSACHUSETTS BAY INSURANCE COMPANY,

Plaintiffs-Counter Defendants-Cross Defendants-

Appellees-Appellants,

WESTFIELD INSURANCE COMPANY,

Intervenor Plaintiff-Appellee-Appellant,

*versus*

BANYAN TREE MANAGEMENT, LLC,
ALBANY DOWNTOWN HOTEL PARTNERS, LLC,

2                        Opinion of the Court                        22-13581

Defendants-Counter Claimants-Third-Party Plaintiffs-
Counter Defendants-Appellees,

JANE DOE,

Defendant-Cross Defendant-Appellee,

STARR INDEMNITY & LIABILITY COMPANY,

Third-Party Defendant-Cross Claimant-Counter Claimant
Cross Claimant-Appellant-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-05292-MHC

_____

Before WILSON, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Four companies (collectively, the appellants) appeal the district court's order finding they are required to provide insurance coverage for an incident at Hampton Inn-Albany, a hotel owned by Albany Downtown Hotel Partners, LCC (Albany), and managed by Banyan Tree Management, LCC (Banyan). Appellants, the four

22-13581　　　　Opinion of the Court　　　　3

insurance companies—Citizens Insurance Company of America and Massachusetts Bay Insurance Company (collectively, Hanover), Westfield Insurance Company (Westfield), and Starr Indemnity & Liability Company (Starr)—issued commercial general liability insurance to Banyan and Albany.

In 2015, an employee of Hampton Inn-Albany secretly recorded a hotel guest while she was showering in the hotel bathroom. Years later, the video was circulated, and the guest sued Banyan and Albany for negligence, premises liability, and vicarious liability, alleging she suffered emotional and subsequent physical injury (Underlying Complaint). Banyan and Albany subsequently sought coverage from their insurance providers, who disputed their duty to cover this injury, primarily arguing that the Underlying Complaint did not include allegations of "personal and advertising injury" arising out of Albany's "legitimate business," and that their policy exclusions precluded coverage.

Georgia law requires a liberal construction of coverage and strict construction of exclusion. *Great Am. All Ins. Co v. Anderson*, 847 F.3d 1327, 1332 (11th Cir. 2017). The district court therefore rejected Hanover's, Westfield's, and Starr's motions for summary judgment.[1]

After careful review of the briefs and record, we agree with the district court on all counts. Georgia law makes clear that

---

[1] But the district court found Starr was entitled to summary judgment on Count II of its counterclaim and crossclaim. This claim is not on appeal.

ambiguities are to be resolved in favor of the insured. *Hoover v. Maxum Indem. Co.*, 730 S.E.2d 413, 417 (Ga. 2012); *see also World Harvest Church v. Guideone Mut. Ins. Co.*, 695 S.E.2d 6, 10 (Ga. 2010) (noting that "if [the policy exclusions] [are] ambiguous, the purported reservation of rights must be construed strictly against the insurer and liberally in favor of the insured").

The appellants failed to even make a showing of ambiguity, let alone definitively establish that the Underlying Complaint falls outside their policies or that an exclusion precludes coverage. Notably, we find unpersuasive their arguments that the hotel guest's right to privacy was not violated, and that the recording did not arise out of Banyan and Albany's business. While filming a showering guest is clearly not a "legitimate" hotel practice, when a hotel employee—who would not have had access to the room but for his authority—places the camera in the bathroom and circulates the video, the injury undoubtably imputes to the hotel. Moreover, the only policy exclusion argument we find compelling again aligns with the district court's findings: coverage under Coverage A of Starr's policy is excluded, as the Underlying Complaint does not include allegations of "bodily injury" required to trigger coverage.

Accordingly, we affirm the district court's well-reasoned decision.

**AFFIRMED.**